IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**ADRIANA MUGNANI**, *Individually,*
*and on behalf of others similarly situated,*

    Plaintiff,

v.

**7-ELEVEN, INC.**

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Adriana Mugnani ("Plaintiff"), individually and on behalf of all others similarly situated hourly-paid employees of 7-Eleven, Inc. ("Defendant") brings this collective action against Defendant and alleges as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and members of the collective.

### II. JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff worked for Defendant in this district during all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in the FLSA violations alleged herein in this district during all times material to this cause.

### II. PARTIES

1

4. Defendant 7-Eleven, Inc. is a Texas Corporation with its principal offices located at 3200 Hackberry Road, Irving, Texas 75063-0131. Its agent for service of process is Corporate Creations Network, Inc., 205 Powell Place, Brentwood, TN 37027-7522.

5. Plaintiff Adriana Mugnani was employed by Defendant as a full-time hourly-paid employee within this district during all times material to this collective action. Plaintiff Mugnani's "Consent to Join" form is attached as *Exhibit A*.

### .IV.   CLASS DESCRIPTION

6. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former hourly-paid employees who were employed by and worked for the Defendant "full time" for at least one week in the United States from at any time in the last three (3) years up to and including the present and who is a Named Plaintiff or elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).[1]

### V.   COVERAGE

7. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

8. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this complaint.

9. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

10. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and in the production of goods in interstate commerce, and its employees have been engaged in interstate commerce.

## VI. FACTS

11. Defendant 7-Eleven Inc. owns, operates, and manages 7-Eleven convenience stores throughout the United States, including the store at which Plaintiff was employed during all times material.

12. Plaintiff and other similarly situated hourly-paid employees worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

13. During all times material to this collective action, Defendant had a common practice of failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half times their regular hourly rates of pay.

14. For example, if Plaintiff worked forty-seven (47) hours in a weekly pay period, Defendant would only compensate her as if she worked forty (40) hours. This in turn deprived Plaintiff of all her overtime pay during that pay period.

15. Defendant was aware it was not compensating Plaintiff and those similarly situated for all of their overtime hours within weekly pay periods at the applicable FLSA overtime rates of pay – during all times material.

16. The unpaid "overtime" wage claims of Plaintiff and those similarly situated are unified through a common theory of Defendant's FLSA statutory violations.

17. Defendant's common practice of not compensating Plaintiff and class members for all

3

their compensable overtime hours at the applicable FLSA overtime rates of pay violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a)(1).

18. Defendant's failure to compensate Plaintiff and those similarly situated for such unpaid overtime was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

19. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

20. The net effect of Defendant's common practice of failing to pay Plaintiff and those similarly situated at one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) per week within weekly pay periods during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this as a collective action pursuant to 29 U.S.C. § 216(b).

22. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

23. While the exact number of collective members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 100 individuals in the class.

24. Plaintiff and collective members are similarly situated as their claims are based on Defendant's compensation and time keeping plans and practices, as previously described.

25. They are similarly situated in that their claims are united through common theories of Defendant's FLSA statutory violations.

26. Defendant acted willfully and/or with reckless disregard to established FLSA overtime wage requirements.

27. Plaintiff and collective members have suffered, and will continue to suffer, irreparable damage from the unlawful compensation plans and practices of Defendant.

## COUNT I
### (Violation of the Fair Labor Standards Act)

28. Plaintiff repeats and re-alleges each preceding paragraph as if they were fully set forth herein.

29. Defendant failed to pay Plaintiff and collective members for all overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay period during all times material to this Collective Action, as previously described.

30. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff and other collective members at least the applicable FLSA overtime compensation rate of pay for hours over 40 per week, within weekly pay periods during all times material to this action.

31. These claims are unified through common theories of Defendant's FLSA violations.

32. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

33. Defendant's conduct was without a good faith basis.

34. As a result, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

35. Plaintiff and collective members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime compensation, an additional equal amount as

liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

A. Designation of this cause as a collective action and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting them the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime wages to Plaintiff and class members;

C. An award of liquidated damages to Plaintiff and class members;

D. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiff and class members;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: December 12, 2022.    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***